```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF KENTUCKY
            SOUTHERN DIVISION at PIKEVILLE
```

| | |
|---|---|
| LORENA NAILLIEUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 16-cv-193-JMH |
| ) | |
| NANCY A. BERRYHILL, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY,[1] ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. | |

\*\*\*

This matter is before the Court upon the Acting Commissioner's Motion for Summary Judgment [DE 16]. Plaintiff has filed neither a response objecting to the Acting Commissioner's motion nor her own motion within the time provided by the Court. For the reasons stated below, the Acting Commissioner's Motion for Summary Judgment will be granted.

As an initial matter, the Court accepts and adopts the procedural history and statement of the facts set forth by the Acting Commissioner in the absence of any objection from Plaintiff and because they reflect the materials contained in the administrative transcript of this matter. [*See* DE 16 at 1-5.] Next, the Court agrees with the Acting Commissioner that the Social Security Administration did not violate the reopening

---

[1] The caption of this matter is amended to reflect that Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin in that role.

regulations because they are irrelevant to the situation at bar in this matter as explained in the Acting Commissioner's memorandum of law and as announced by this Court in *Perkins v. Colvin*, 7:16-cv-35-JMH [DE 55 at 8]. Further, there is no merit to Plaintiff's claim that her due process rights were violated by means of the redetermination process as this Court has explained in its Memorandum Opinion and Order dated December 16, 2016 matter of *Perkins v. Colvin*, 7:16-cv-35-JMH [DE 55 at 7-8], and incorporates and adopts that reasoning in this matter.

Finally, the Court's review of the Acting Commissioner's decision concerning disability upon reconsideration is limited to an inquiry into whether or not the findings of the Acting Commissioner are supported by substantial evidence, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). Moreover, this Court's review is limited "to the particular points that [the claimant] appears to raise in [his] brief on appeal." *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). In the absence of a brief on appeal from Plaintiff with respect to the decision of the Acting Commissioner, the Court sees no reason to make further inquiry into the Acting Commissioner's findings. Nevertheless, the Court pursuant to the statutory mandate has reviewed the entire record. Although Plaintiff has some severe impairments, substantial evidence

2

supports the Acting Commissioner's decision that she is not precluded from performing substantial gainful activity which exists in the economy. Thus, the Court will affirm the decision of the Acting Commissioner with respect to the decision to deny benefits upon redetermination.

Accordingly, **IT IS ORDERED** that the Acting Commissioner's Motion for Summary Judgment [DE 16] is **GRANTED.**

This the 31st day of January, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge