```
              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
                 SOUTHERN DIVISION at PIKEVILLE
```

LORENA NAILLIEUX,                 )
                                  )
     Plaintiff,                   )
                                  )        Civil Case No.
v.                                )        16-cv-193-JMH
                                  )
NANCY A. BERRYHILL, ACTING        )
COMMISSIONER OF SOCIAL            )
SECURITY,                         )        **MEMORANDUM OPINION & ORDER**
                                  )
     Defendant.                   )

                              ***

This matter is before the Court upon Plaintiff's Motion to Set Aside Judgment [DE 19]. The Acting Commissioner has filed a Response [DE 20], and Plaintiff has filed what is, arguably, a Reply [DE 21], in which she finally sets forth her arguments in support of her Motion to Set Aside Judgment.

Plaintiff seeks relief under Rule 60(b)(1), which states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" upon evidence of "(1) mistake, inadvertence, surprise, or excusable neglect." The Sixth Circuit has held that a district court may vacate a final judgment under Rule 60(b)(1) "only in two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the

final judgment or order." *U.S. v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

The Court is not immediately persuaded that counsel's failure to timely respond to these motions constitutes excusable neglect. As an attorney, the Court anticipates that she will consult and follow the Local Rules which apply to motion practice in this district. Further, there was neither a request for nor any order concerning a continuation or stay pending the outcome of the interlocutory appeal in *Perkins* in the record this matter. Neither did counsel request a clarification of the schedule clearly set forth and unmodified in this case. Accordingly, the Court rejects Plaintiff's motion for relief founded on counsel's failure to timely respond. Nor does the Court see any reason to grant her relief under Fed. R. Civ. P. 60(b)(6), because there are no "exceptional or extraordinary circumstances" which would merit relief.

The Court is aware, however, that relief might be afforded under Rule 60(b)(1) if the undersigned made a substantive mistake of law or fact in the final judgment or memorandum opinion and order entered on January 31, 2017 [DE 17 and 18]. Thus, the Court has considered the late-tendered Response to Defendant's Motion for Summary Judgment [DE 20 and 21 (duplicate)], which this Court considers to be a request to reconsider in light of Plaintiff's legal arguments concerning

2

the reconsideration procedures addressed by this Court in its Memorandum Opinion and Order of January 31, 2016. The Court has reconsidered its Memorandum Opinion and Order but, finding no mistake of law or fact, declines to grant the relief requested. The Court rejects Plaintiff's arguments for the same reasons set forth in its Memorandum Opinion and Order dated January 31, 2017 [DE 17], and the Judgment stands.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Set Aside Judgment [DE 19] is **DENIED**.

This the 16th day of March, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge